CLERK'S OFFICE U.S. DISTRICT COURT AT ROANOKE, VA
FILED
October 21, 2024
LAURA A. AUSTIN, CLERK
BY: s/ S. Neily, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. 7:24-cr-00026 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| JERRY JEFFERSON SEXTON | ) | Chief United States District Judge |

**MEMORANDUM OPINION**

Before the court is defendant Jerry Jefferson Sexton's *pro se* motion for early termination of supervised release. (Dkt. No. 2.) The government has not filed an objection to the motion. Neither party requested a hearing, and the court finds that a hearing is not necessary to resolve Sexton's motion. The court will grant Sexton's motion.[1]

I. BACKGROUND

On January 25, 2001, in the District of South Carolina, Sexton was found guilty on nine counts related to drug trafficking and possession of firearms.[2] (Dkt. No. 1.) As to seven of the counts, Sexton was sentenced to 97 months each, running concurrent with his sentence imposed in the Western District of Virginia. (Dkt. No. 1-1 at 23.) As to the other two counts, the court sentenced Sexton to a consecutive life sentence for one and a consecutive 240-month sentence to the other. (Dkt. No. 1-1 at 23.)

Sexton served over 25 years in prison before being granted compassionate release due to his age, declining medical condition, and amount of time he had served for his crimes of conviction. (Dkt. No. 1-2.) Sexton was released from prison on March 22, 2022, and began his

---

[1] A hearing is not required by the Federal Rules of Criminal Procedure because the relief sought is favorable to defendant and the government received notice and did not file an objection. Fed. R. Crim. P. 32.1(c)(2).

[2] Prior to his trial in the District of South Carolina, Sexton was found guilty on nine counts in the Western District of Virginia in May 1997. (Dkt. No 1-2.) He was sentenced to 200 months of imprisonment. (*Id.*)

five-year term of federal supervision. (Dkt. No. 1.) On August 29, 2024, Sexton's supervised release was transferred from the District of South Carolina to the Western District of Virginia. (*Id.*)

On October 2, 2024, Sexton filed a *pro se* motion for early termination of his remaining supervised release term. (Dkt. No. 2.) His overall adjustment to supervision has been positive. Sexton has remained compliant with the supervised release conditions. His probation officer notes that Sexton maintains a residence, has not obtained any new criminal charges, and receives social security benefits. In addition, he has passed all urine screens administered. Sexton is over 80 years of age and has several medical conditions that have resulted in a serious deterioration in his physical health. He has completed over 30 months of his five-year period of supervised release.

## II. ANALYSIS

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. As at sentencing, a court considers several factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence, and the need to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a).

Courts have discretion whether to grant early termination of supervised release, even when the conditions for termination are met. *Folks v. United States*, 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. *United States v. Pregent*, 190 F.3d 279, 282–83 (4th Cir. 1999). "Circumstances that justify early

discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." *Folks*, 733 F. Supp. 2d at 651 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).  Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. *United States v. Ferris*, Case No. 5:14-CR-0008, 2021 WL 1588972, at *2 (W.D. Va. Apr. 22, 2021).

While Sexton's offenses were serious, he has now served over 25 years in prison and more than half of his supervised release term.  Especially given his age and physical health, the court finds that there is no longer a need to protect the public or to deter Sexton from committing further crimes through the ongoing imposition of release conditions.  For these reasons, the court will grant Sexton's motion for early termination of his supervised release.

### III.  CONCLUSION

For the foregoing reasons, Sexton's motion for early termination of supervised release (Dkt. No. 2) will be granted.  The court will issue an appropriate order.

Entered: October 21, 2024.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge